Statement of the Case.
MONROE, C. J.
Plaintiff obtained a judgment of separation from bed and board against defendant (her husband), which was signed on February 23, 1916, and on February 25, 1918, he brought suit for a final divorce, alleging that there had been no reconciliation, to which she answered, admitting that she had obtained the judgment as alleged, and that there had been no reconciliation, alleging that reconciliation was impossible, for the reason that defendant is and has been living in adultery with another woman, because of which misconduct he is debarred from obtaining the divorce which he here seeks; that she is entitled to a judgment decreeing a divorce in her favor and, being without means of subsistence, awarding her alimony pendente lite and for the future; wherefore, assuming the character of plaintiff in reconvention, sbe prays for judgment accordingly.
On December 23, 1918, defendant ruled plaintiff into court to show cause why, in view of her admissions, judgment should not be rendered in his favor on the petition and answer as provided by Acts 25 of 1898 and 157 of 1912, and on January 3, 1919, the rule was made absolute, and there was judgment (signed on January 10,1919) decreeing a final divorce in favor of defendant, and dismissing plaintiff’s reconventional demand, from which judgment plaintiff prosecutes this appeal.
Opinion.
[\, 2] Act 25 of 1898 declares:
“That whenever a judgment of separation from bed and board shall have been rendered and no reconciliation between the spouses shall have taken place the married person in whose favor the judgment * * :|: shall have been rendered, may, at the expiration of one year from the date that the said judgment shall have become final, * * * obtain * * * judgment of final divorce; * * • and the married person against whom the judgment of separation * * * shall have been rendered may, at the expiration of two years, * * * obtain * * * a judgment of final divorce: * * Provided, that whenever a judgment of final divorce shall be obtained * * * by the husband against whom the judgment of separation * * * shall have been rendered, the wife shall have tbe same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is the plaintiff,” etc.
Act 247 of 1916, p. 521, amending and reenacting article 160 of tbe Civil Code, provides that:
“If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income”
—the allowance becoming revocable under circumstances stated in tbe act.
*127 Act 300 of 1914, p. 611, amending and reenacting Act 157 of 1912 (known as the “Pleadings and Prac6.ce Act”), provides (section 1, “fourth”) that the plaintiff, at any time after the answer is filed, may submit the question of his right to a judgment on the petition and answer; that, for the purposes of such rule, the material allegations ■of fact contained in the petition, and not denied in the answer, and all the allegations of the answer, are to be taken as true; that, so •considering them, if the court is of opinion that plaintiff is entitled thereto, it shall render and sign a judgment in the same manner and form and with the same effect as though it had been rendered upon evidence adduced ; and that it shall constitute a definitive judgment:
“Provided, that * * * in no such case, if .the answer sets forth a legal cause of action by way of reconventional demand and is properly verified, shall the plaintiff be entitled in any event to a judgment for more than the difference between the amount found to be due the plaintiff ■and the amount of the reconventional demand, and in any such case, jurisdiction of the cause shall be retained by the court as regards the balance of the plaintiff’s claim and the defendant’s reconventional demand.”
The learned judge a quo, in dismissing without hearing testimony, the demand for alimony set up in reconvention by plaintiff, appears to have overlooked the above-quoted proviso,, and it will he necessary to correct the judgment appealed from in that respect.
It is argued that the judgment should be ■set aside in toto upon the grounds: (1) That it is based upon admissions, and hence is in the nature of a consent judgment, in contravention of public policy and established jurisprudence; (2) that the proceeding by rule under the Pleadings & Practice Act was unauthorized — that statute being inapplicable to the ease; (3) that the offender, for whose fault the bonds of matrimony are to be dissolved, should not be given the judgment dis.solving them.
I. Prior to the dates upon which Acts 94 and 157 of 1916 became laws a married woman could not (save in certain special cases) appear in court without the authorization of her husband (O. 0. 121), and could not be heard as a witness for or against her husband, save as specified in Acts 59 of 1888 and 41 of 1904. Under the legislation of 1916 she can sue and be sued “to the same extent and in the same manner as though she were a feme sole” (Act 94 of 1916, p. 212), and, if “a person of proper understanding,” is a competent witness for all purposes, subject only to the qualification that private conversations between husband and wife are privileged, and that neither husband nor wife can be compelled to testify in criminal proceedings against the other (Act 157 of 1916, p. 379). It is evident, then, that the law (and with it the public policy) of the state has been changed by that legislation, and equally evident that the courts are bound to recognize the change and conform their rulings thereto. Since, therefore, a married woman may now appear in court upon an equality with any other litigant or witness, and in a suit for divorce may by her testimony jirove or disprove any fact or alleged fact material to the judgment therein, there can be no reason founded in law or logic why she may not, by an admission in her sworn pleadings, establish such fact, especially when it is admitted in the pleadings of the opposing litigant. The rule is elementary that in matters of litigation it is unnecessary to prove that which is admitted, and, if the result of the application of that rule, under the law as it now stands, is that the admission of the parties will furnish a basis for divorce, and a step backward is thought desirable, we are of opinion that it should be taken in the legislation, since we do not see our way to interpreting the present law to mean anything less than that a husband and a wife engaged in a divorce suit may furnish all the testimony necessary for a judgment or to 'deny *129 ing to their sworn judicial admissions as much effect as would be accorded to their testimony.
II. The Pleadings and Practice Act (Act 300 of 1914, p. 611, amending and re-enacting Act 157 of 1912) is by its terms a statute of general application in civil cases brought and pending in the district court, other than appeals from justices of the peace courts, and we find no sufficient reason or authority for holding it to be inapplicable to cases of this character. The proviso which we have quoted relating to cases in which there are demands in reconvention does not of necessity require that a plaintiff proceeding by rule shall have judgment for anything. It reads:
“That in no such case, if the answer sets forth a legal cause of action, by way of recon-ventional demand and is properly verified, shall the plaintiff be entitled in any event to * * * more than the difference, * * * and in any such case, jurisdiction of the cause shall be retained by the court as regards the balance of the plaintiff’s claim and the defendant’s recon-ventional demand.”
It may very well happen, therefore, that in view of the relation of the reconventional demand to the main demand, it would be improper or unwise in a particular case to give judgment upon the one separately from the other, whereas in anothen;case such a course may safely be pursued. And the case now under consideration appears to us to belong to the class last mentioned, since defendant was clearly entitled to the judgment of divorce, and his right thereto is and can be in no wise affected by plaintiff’s claim for alimony, for the consideration of which the case will be remanded.
III. In support of the third proposition the learned counsel for plaintiff says in his brief:
“For the determination of the rule for judgment under the Pleadings Act all the allegations of the answer are taken as true. It must be assumed that this is a ease where the husband claims a divorce because two years before he deserted his wife and she obtained a decree of separation from him; that his continued living in adultery during the two years made a reconciliation impossible. On the other side is the wife, also entitled to a divorce — the wife who was deserted, the sufferer by his broken vows, the victim, not the wrongdoer. She has withheld her prayer for divorce to the very last moment, possibly because she hoped to the last for repentance and reformation by her erring spouse, more probably because of religious scruples. Each has a legal cause of action; one is the sinner; the other the sinned against; one is branded by the court’s judgment as a marital deserter; the other with no fault disclosed by the record. Which will the law favor, the husband, who sped to the court, or the wife, whose record is without fault?”
The answer that we are constrained to make is that it is not to be assumed that this is a case in which the husband claims a divorce because of his violations of his marital obligations. The husband brings this suit upon a totally different cause of action, and, though he may have “sped to the court,” he did so under the express authority of a statute giving the sinned-against wife the preference, by declaring that she might at any time after the expiration of one year from the final judgment of separation obtained by her obtain judgment of final divorce, upon showing that there had been no reconciliation, and that only in the event of her failure to avail herself of that opportunity, and after the expiration of a second year, should the sinner husband be heard upon such demand.
[3] The cause of action here set up by the husband is therefore not that he deserted his wife, not that he lived in adultery for two years after she had obtained her judgment of separation, but that, sinner though he was, the law had then opened the court to him to obtain the final divorce which the wife had not thought proper and might never think proper to obtain; it not being within the contemplation of the law that any such penalty for marital misconduct should be enforced as that the offending party, should by a judgment of separation from bed and board *131 be deprived of his rights and relieved of his obligations with respect to one marriage and forever denied the privilege of contracting another. The particular statute in question was enacted solely for the benefit of the sinner against whom a judgment of separation from bed and board is rendered, because, under the pre-existing law, it was found that persons obtaining such judgments sometimes chose, from religious scruples on otherwise, to rest at that point, refrain from obtaining judgments of final divorce, and thus hold the defendants, with whom, perhaps, they were unwilling to become reconciled, in the position of being neither married nor capable of legally marrying, a position which was not regarded as conducive to good morals or the general welfare. It may be stated in conclusion that, whilst plaintiff alleges that defendant had been living in adultery after the judgment of separation, there is no evidence in the record on that subject, the judgment appealed from having been rendered on the petition and answer, but, if it were proven, it would be wholly irrelevant, the only facts necessary to the judgment appealed from being that a judgment of separation had been rendered, that two years had elapsed from the date upon which it became final, that no judgment of divorce had been obtained by plaintiff, and that there had been no reconciliation, all of which were admitted.
It is therefore ordered and decreed that the judgment appealed from be affirmed in so far as it decrees a final divorce, and that it be annulled in so far as it rejects and dismisses defendant’s claim for alimony. It is further ordered that, as to the claim for alimony, the case be remanded, and that claim entertained, considered, and disposed of. It is further ordered that defendant pay the costs of this appeal, and that the costs which may hereafter be incurred in the district court await the final judgment to be rendered herein.