On the Merits.
 

 ST. PAUL, J.
 

 . The ease is fully stated in the opinion of Mr. Justice LAND on the motion to dismiss. As therein said, the appellant (defendant) prays only that the judgment appealed from be amended so as to retain jurisdiction (by the lower court) of defendant’s reconventional demand.
 

 I.
 

 The “Pleadings and Practice Act,” No. 300 of 1914, pp. 611, 612, provides in section 1, subd. 4, that “at any time after the answer is filed the plaintiff may
 
 hy rule
 
 submit to the court the question of his right to a judgment upon the petition and answer,” provided, however, that, if there be a reconventional demand, the plaintiff shall not be entitled to a judgment for more than the difference between the amount found to be due the plaintiff and the amount of the re-conventional demand; “and in any such case,
 
 jurisdiction of the cause shall he retained hy the court
 
 as regards the balance of the plaintiff’s claim and the defendant’s reconventional demand.”
 

 It is therefore clear that a
 
 reconventional demand
 
 does not come before the court at all on a rule for judgment under the act. So that the clause,
 
 “jurisdictimi of the cause shall he retamed hy the court, as regards,"
 
 etc., does not mean merely that the court shall so provide in its judgment upon the rule. On the contrary, it is a declaration of the law itself that, notwithstanding the judgment on the rule, the court shall nevertheless still retain its jurisdiction of the cause for the purpose of passing in the reconventional demand.
 

 n.
 

 Ordinarily then there would be no occasion for the court to make any mention whatever of the reconventional demand in passing on the rule for judgment, since the reconventional demand is not before it at that time.
 

 But in the case at bar the minutes of the court below are not clear as to exactly what occurred. In fact said minutes do not show (as they should) what rules were taken on the cause; and such rules appear only by docket entries and from copies brought up in the transcript.
 

 Erom these docket entries and copies of rules we find that on April 7, 1924, plaintiff filed
 
 a rule to dissolve
 
 an injunction taken out by defendant. On May 1st
 
 that rule
 
 was referred to the merits, and the case specially fixed for trial on May 16th, when it was continued to May 18th, and ihen partially tried and continued as an
 
 oyen
 
 case.
 

 Again, from the docket entries and copies of rules (but
 
 not
 
 from the minutes), we find that thereafter, to wit, on June 23d, plaintiff took
 
 another rule,
 
 to wit, a rule for judgment of divorce on the petition and answer, made returnable June 26th, on which day, the minutes read, after hearing pleadings
 
 and evidence,
 
 the rule was made absolute, and a judgment of divorce entered.
 

 
 *689
 
 But the long and short of it is that hy fingering the transcript page hy page one finds that there were
 
 tico separate rules
 
 taken by plaintiff, one of which was referred to the merits and evidence taken thereon, but never passed upon by the court below; and the other is the rule for judgment which now is before us.
 

 And, since we knew nothing of any rule to dissolve an injunction, we very naturally concluded that the rule which was referred to the merits was the rule with which we were concerned; especially as the minutes read that the judgment on the rule was rendered after hearing evidence.
 

 In this connection we would remind the minute clerks of all courts that the law requires them to enter all motions (or at least their substance) in their minutes. C. P. art. 777. Had such been done in this case, we would have been saved some considerable trouble and annoyance; it is to be hoped that the law will not again be disregarded in that respect.
 

 III.
 

 As it is, the minutes still leave it doubtful whether or not the merits of the ease were heard on June 26th when the divorce was granted, since they declare that
 
 evidence was heard
 
 on that day; and therefore we think it prudent to amend the judgment of the court below by reserving the jurisdiction of that court as to the reconventional demand; especially as we are informed by affidavits, and by transcripts of proceedings since had in the court below, that the trial judge hesitates as to his having any further jurisdiction of the cause, and is inclined to the belief that his judgment disposed of
 
 the whole case.
 
 But we again repeat that ordinarily this would not be necessary. It was done in Tortorich v. Maestri, 146 La. 124, 83 So. 431, only because in that case the trial judge had actually rejected the reconventional demand.
 

 Decree.
 

 The judgment appealed from is therefore amended by reserving to defendant the right to proceed with his reconventional demand; and, as thus amended, said judgment is affirmed.
 

 O’NIELL, O. J., absent.