O’NIELL, Chief Justice.
 

 The wife of Charles R. Blache, Jr., sued him for a separation from bed and board, on the ground of ill-treatment, and obtained a judgment by default on November 20, 1935. Mrs. Blache afterwards on a rule to show cause obtained a judgment for alimony at the rate of $20 per month, beginning on July 11, 1939. She did not avail herself of her right to demand a final divorce at the expiration of the year following the date on which the judgment of separation became final. Mr. Blache, therefore, on October 10, 1940, availing himself of the provisions of Act 25 of 1898, as amended by Act 56 of 1932, sued for and obtained a final divorce on the ground that more than a year and 60 days had elapsed from the date on which the judgment of separation from bed and board had become final and that no reconciliation had taken place between him and his wife. Mrs. Blache, in her answer to her husband’s petition for a final divorce, averred that the reason why she had not demanded a final divorce after the expiration of the year from the date on which the judgment of separation from bed and board had become final was that she had no money with which to employ an attorney to prosecute the suit. She asked, therefore, that a judgment of divorce should be rendered not in favor of her husband but in her favor, and, in any event, that she should have permanent alimony, and a judgment for attorney’s fees for $100 for obtaining the judgment of separation from bed and board, for $50 for the trial of the rules which she had obtained against her husband to compel him to pay the alimony, and for $100 for answering the
 
 *1034
 
 petition for a final divorce. She averred that her husband had not paid any alimony in compliance with the judgment that had been rendered against him.
 

 The judge, after hearing the evidence, gave judgment in favor of the husband for an absolute divorce and rejected the demand of the wife for alimony and for attorney’s fees, and condemned her to pay all of the costs of the proceedings.
 

 The wife is appealing from the judgment. She complains, first, that the divorce should have been granted to her instead of her husband, second, that in any event she should have judgment for the attorney’s fees and for alimony, and, third, that her husband should be condemned to pay the costs of court.
 

 The wife’s complaint that the judgment of divorce should have been rendered in her favor amounts to nothing more than that the judgment should have been so worded instead of being worded as a judgment in favor of the husband. The judgment conforms with Act 25 of 1898, as amended by Act 56 of 1932, which declares that at the expiration of a year and sixty days from the date on which a judgment of separation from bed and board shall have become final, if the party in whose favor it was rendered has not availed himself or herself of the right to demand a final divorce, the other party may apply for and obtain the judgment of divorce. Inasmuch as the statute protects the wife in her right to recover alimony, and to retain the custody and care of the children in cases where there are children of the marriage, it is a matter of no importance whether the final divorce in such a case is declared to be in favor of the wife or in favor of the husband. Stallings v. Stallings, 177 La. 488, 148 So. 687.
 

 The only ground on which the husband contended in the trial of this suit — -and the only ground on which he contends now — ■ that he should not be compelled to pay alimony after obtaining the judgment of divorce is that the wife was “at fault” in bringing about the separation. He contends that the right of a wife to receive alimony in a case where she obtains a judgment of separation from bed and board, and where the husband after the lapse of a year and sixty days obtains the final divorce under the provisions of Act 56 of 1932, is governed also by the provisions of Act 27 of the 2nd Extra Session of 1934. That statute amends article 160 of the Civil Code so as to provide that, where a judgment of divorce is granted to the husband on the ground solely that he and his wife have been living separate and apart for a specified time — which was originally seven years • and is now two years — the court may allow the wife alimony if she “has not been -at fault.” Article 160 of the Civil Code, before it was amended by Act 21 of 1928, did not authorize the court to allow alimony to the wife in a case where a judgment of divorce was rendered against her. The court had authority to allow alimony only in cases where the divorce was granted to the wife. At that time there was no law allowing a divorce on the ground that the husband and wife had been living separate and apart for a stated period. The first statute allowing a divorce on
 
 *1036
 
 that ground was Act 269 of 1916; which provided that, when a married couple had lived separate and apart for seven years or more, either party might sue for and obtain a divorce on that ground alone and without regard for the question as to whose fault caused the separation. In the case of North v. North, 164 La. 293, 113 So. 852, decided in 1927, it was observed that there was no provision in Article 160 of the Civil Code allowing the wife alimony in a case-where the husband obtained a divorce on the ground of seven years’ separation, even though the wife was not at fault in the matter of the separation. Therefore, the Legislature, at its next session, adopted Act 21 of 1928, amending Article 160 of the Civil Code by adding this proviso:
 

 “Provided, however, that in cases where the husband has obtained judgment of divorce on the ground that the married persons have been living separate and apart for a period of seven years or more, and the wife has not been at fault, then the court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.”
 

 By Act 31 of 1932, the Legislature amended 5Vct 269 of 1916, by reducing the period of separation from seven years to four years. In the case of Blakely v. Magnon, 180 La. 464, 156 So. 466, decided in July, 1934, the husband sued for a divorce under Act 31 of 1932, on the ground that he and his wife had been living separate and apart for the period of four years. Answering the suit the wife averred that she was not at fault in the matter of the separation, and hence should be allowed alimony under the. provisions of Article 160 of the Civil Code as amended by Act 21 of 1928. But the court observed that the amendment of Article 160 of the Civil Code by Act 21 of 1928 had reference only to a case where the husband obtained the divorce on the ground of seven years separation, under the provisions of Act 269 of 1916; that that act was superseded by Act 21 of 1928, which reduced the period of separation from seven to four years; and that there was no authority in Article 160 of the Civil Code for allowing the wife alimony in a case where her husband obtained the divorce on the ground of four years’ separátíon. This hiatus in the law was corrected by the Legislature at its next session, in November, 1934, by Act 27 of the Second Extra Session of that year, by substituting, for the phrase “for a period of seven years or more”, the phrase “for a certain specified period of time”. That phrase is applicable now to a divorce obtained on the ground that the husband and wife have been living separate and apart for a period of two years or more, under the provisions of Act 430 of 1938, by which Act 269 of 1916, as amended by Act 31 of 1932, was amended again, so as to reduce the necessary period of separation from four to two years.
 

 We have given a history of these statutes in order to demonstrate that the provision in Article 160 of the Civil Code, that the wife must show that she “has not been at fault”, in order to obtain alimony in a case where a judgment of divorce is rendered in favor of her husband on the
 
 *1038
 
 ground that he and she have been living separate and apart “for a specified period of time”, is not applicable to a case where the wife has obtained a separation from bed and board and where after the lapse of a year and sixty days the husband has obtained a final divorce, under the provisions of Act 25 of 1898, as amended by Act 56 of 1932. The act of 1898 and the act of 1932 are identical in their terms except that by the act of 1932 the period in which the party obtaining the judgment of separation from bed and board has the exclusive right to obtain the divorce was reduced from one year to sixty days. It is not possible that the Legislature intended that the act of 1898 should have reference to a divorce granted on the ground that the married couple had been living separate and apart for a specified period of time, — as for seven years under Act 269 of 1916, or for four years under Act 31 of 1932, or for two years under Act 430 of 1938. It is not likely that any such ground for divorce was contemplated by the Legislature at the time when Act 25 of 1898 was adopted. There was an obvious reason why the Legislature should have provided in Act 25 of 1898, and in the amending Act 56 of 1932, “that whenever a judgment of final divorce shall be obtained under the provisions of this Act by the husband against whom the judgment of separation from bed and board shall have been rendered, the wife shall have the same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is plaintiff.” The reason was that the obtaining of the judgment of separation from bed and board by the wife carried the implication that the separation was not caused by her fault; and the granting of the final judgment of divorce, thereafter, in favor of the husband, in such a case, does not depend upon any question or fault on the part of either the husband or wife, but is founded entirely upon the absolute right of either of the spouses to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute. In fact no other evidence is relevant in a suit for divorce brought by the party against whom a judgment of separation from bed and board has been rendered, and on the ground that no reconciliation has taken place. Tortorich v. Maestri, 146 La. 124, 83 So. 431; Stallings v. Stallings, 177 La. 488, 148 So. 687.
 

 Our conclusion is that the proviso in Article 160 of the Civil Code, that where the husband obtains a divorce on the ground that he and his wife have been living separate and apart for a specified period of time the wife must show that she has not been at fault in order that the court may allow her alimony, has nothing to do with a case like this, where the judgment of divorce is obtained by the husband on the ground that a judgment of separation from bed and board was obtained by the wife, and that more than a year and sixty days have elapsed since the judgment became final, and that no reconciliation has taken place between the husband and wife. Mrs. Blache testified on the trial of this case that she and her husband became separated as a matter of mutual consent. That was not denied on the trial of the case. Accordingly our ruling that the wife’s claim
 
 *1040
 
 for alimony in this case is not governed by Act 27 of the Extra Session of 1934, amending Article 160 of the Civil Code, should not convey the implication that the wife was “at fault”. Bienvenue v. Bienvenue, 192 La. 395, 188 So. 41.
 

 The issue on the claim for alimony was drawn clearly by an admission of Blache’s attorney, in making an objection to certain testimony on the trial of the case, thus: “If Your Honor should conclude that the wife is not at fault she is entitled to alimony; if Your Honor should conclude that she is at fault she is not entitled to alimony.” The admission is repeated in the brief filed for Blache in this court, thus: “We do not dispute the right of the defendant wife to alimony should the court find that she was without fault. Her right in this respect is specifically protected under Act 56 of 1932.” As to the amount of alimony that should be allowed, there is nothing in the record that would justify either an increase or a reduction of the amount of the judgment for $20 per month, which was rendered after Mrs. Blache obtained the judgment of separation from bed and board and before her husband obtained the divorce. The monthly payments were ordered to commence on August 11, 1939. At that time the plaintiff was employed by the W.P.A. at $74.10 per month,
 
 but
 
 he lost his job at the end of the year, and remained unemployed until sometime in January, 1941, when he obtained employment at a shipyard at 66 cents per hour. His wages for the first month, ending on February 12, 1941, as shown by the testimony taken on February 20, 1941, on the trial of a rule for contempt, amounted to $162.19. But the defendant had been unemployed and living at the home of his mother for more than a year and had gone unavoidably into debt. Meanwhile his wife had been living with and supported by her mother. Considering the length of time of the defendant’s unemployment, we have concluded that the payments of alimony at $20 per month should not commence until this judgment becomes final.
 

 The only evidence offered by Mrs. Blache to support her demand for attorney’s fees was the testimony of her attorney. He testified that he had represented Mrs. Blache in procuring the judgment of 'separation from bed and board, and in the several unsuccessful rules to collect alimony, and in answering the petition of Mr. Blache for a divorce; and that he, the attorney, believed that the fees claimed in the answer to this suit for divorce were fair and reasonable. This testimony was objected to by counsel for Blache on the ground that no claim for attorneys fees was made by Mrs. Blache or by her attorney in the suit for a separation from bed and board or in the rules for contempt for nonpayment of alimony; and that, if Blache was liable for any services rendered by the attorney for Mrs. Blache in answering this suit for a divorce, the right of action was vested not in Mrs. Blache but in the attorney. Conceding, for the sake of argument, that a man may be held liable for fees incurred by his wife in proceedings against him to compel the payment of alimony, our opinion is that any claim that Mrs. Blache may have had against Mr. Blache for the recovery of such fees, or for the recovery
 
 *1042
 
 of the fees incurred in the suit for a separation from bed and board, must be considered as having been abandoned by the failure of Mrs. Blache to claim reimbursement for such fees in the proceedings in which the fees were incurred. The wife’s claim of $100 for her attorney’s fee for representing her in this suit for a divorce cannot be charged against the husband or the community, because the community was dissolved by the suit for a separation from bed and board. The theory upon which it has been held that the husband is liable for the fee of an attorney employed by his wife to represent her in a suit for divorce or for separation from bed and board is that the obligation to pay the fee is a debt of the community. A debt incurred by the wife after the community is dissolved is her separate debt. Dugas v. Dugas, 6 Rob. 527; Gastauer v. Gastauer, 143 La. 749, 79 So. 326; Talbert v. Talbert, 199 La. 882, 7 So.2d 173.
 

 With regard to the costs of court, the circumstances of the case call for the exercise of the discretion vested in the appellate courts, by Section 2 of Act 229 of 1910, to tax the costs of court in any way that is deemed equitable; and accordingly we shall require Charles R. Blache, Jr., to pay the costs of this suit.
 

 Decree.
 

 The judgment of divorce in favor of Charles R. Blache, Jr., is affirmed; the judgment rejecting the reconventional demand of Mrs. Blache for alimony is reversed and it is ordered, adjudged and decreed that she shall recover of and from Charles R. Blache, Jr., alimony at the rate of twenty dollars ($20) per month commencing on the date on which this judgment shall become final; the judgment rejecting the reconventional demand of Mrs. Blache for attorney’s fees is affirmed. Charles R. Blache, Jr., is to pay all of the costs of this suit.