On Rehearing
BOLIN, Judge.
In our original opinion appears the following :
“Finally, we may point out that the judgment inures to plaintiff’s benefit as well as to that of the defendant. She was awarded custody of the children and, in separate proceedings, the defendant was condemned for her, as well as the minors’, support. A remand of the cause for a new trial would avail her nothing inasmuch as she has acquired all the relief which she ccnild hope to obtain should a new trial be granted and should she be then awarded all the relief for which she prays.” (Emphasis supplied.)
In her application ior rehearing, Mrs. Gallagher points out, among other things, that we fell into grievous error in saying she had not been prejudiced by the lower court’s decree. Upon reexamination of our original opinion we readily concede the statement quoted from the opinion is incorrect. The question of whether the wife or husband is the successful party in obtaining the judgment of separation is vitally important. If the husband obtains the separation the judgment condemns the wife to the world as the person responsible for breaking up the marriage.
A second, and more tangible, difference is that since Mr. Gallagher obtained the judgment of separation, Mrs. Gallagher is precluded, under LSA-Civil Code Article 160, from obtaining permanent alimony upon the rendition of a final judgment of divorce. The obtaining of the judgment of separation by the wife is a judicial determination that she is free from fault, and the obtaining of the judgment of separation by the husband (excluding the one-year ground) is an adjudication of fault on the *266 part of the wife relieving the husband of the obligation of paying her alimón}*- after the judgment of final divorce. August v. Blache, 200 La. 1029, 9 So.2d 402 (1942); Sachse v. Sachse (La.App. 1 Cir., 1963) 150 So.2d 772.
This rehearing not being restricted to a consideration of the matter discussed above, we have re-examined the entire rec-cord. We now conclude we were in error in affirming the lower court’s ruling rejecting the wife’s demands for a separation on the ground of cruelty and in granting the husband a separation under his reconven-tional demand on the ground of abandonment. We now conclude the husband was guilty of such cruel treatment as to have entitled the wife to a separation under her main demands.
After careful scrutiny of the record, and particularly the testimony submitted in connection with plaintiff’s motion to remand, we have reluctantly come to the conclusion Mr. Gallagher testified falsely during the original trial on at least two questions. He stated he was unemployed on May IS and May 21, when in truth and fact on these dates he was employed as President of a mortgage corporation at a net salary of $719.54 per month. Mr. Gallagher also falsely testified during the trial that he was not the owner of a 1964 model Buick automobile when the record shows he was. Under these circumstances the testimony of Mr. Gallagher should be accorded little, if any, weight in determining the merits of the separation suit.
Excluding the husband’s testimony, the evidence is uniform and convincing that Mr. Gallagher, while not guilty of physical cruel treatment, was guilty of such cruelty as to render their living together unbearable and insupportable within the meaning of Louisiana Civil Code Article (3) as interpreted by our jurisprudence. See Carriere v. Carriere (La.App. 3 Cir., 1962) 147 So.2d 668 and cases cited therein. We find the evidence supports the following nonexclusive acts:
1. Consistently absenting himself from his wife and matrimonial domicile and returning at all hours of the night without any explanation as to his whereabouts.
2. Engaging in social drinking with women other than his wife both in public and private and on some occasions when no other parties were present.
3. By consistently being cold and indifferent to his wife, even during the periods of her pregnancy and of the birth of her youngest child.
If the above enunciated acts of indiscretion had been isolated incidents our ruling might be different, but we are constrained to hold that the husband’s conduct considered as a whole reflects a pattern of conduct constituting mental cruelty toward his wife which made their continued living together unbearable and justified her in moving out of the matrimonial domicile.
For the reasons assigned the judgment appealed from is amended and recast and there is now judgment in favor of plaintiff, Jo' Ann Joris Gallagher, and against defendant, James Albert Gallagher, decreeing a separation from bed and board between them and awarding the care, custody and control of the minors, Diana Gallagher and Dawne Gallagher, to plaintiff with full visitation rights reserved to the father. All costs are assessed against defendant.
Amended and recast