199 So.2d 202 (1967)
Suzanne Treasa KORSON, wife of Joseph Anthony GAMINO
v.
Joseph Anthony GAMINO.
No. 2460.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
On Rehearing June 5, 1967.
David Seelig, New Orleans, for plaintiff-appellee, on rehearing.
Meunier, Martin & Meunier, Marcel J. Meunier, Jr., New Orleans, for defendant-appellant.
Before YARRUT, CHASEZ and HALL, JJ.
*203 YARRUT, Judge.
This is an appeal from a final judgment of divorce granted the wife and allowing her alimony, with the rejection of the husband's reconventional demand that he be granted a final divorce.
The suit for a final judgment by the wife followed, in due time, a prior judgment in her favor for a separation from bed and board upon her petition alleging her husband abandoned her. The husband did not answer nor appear, and the wife got her judgment by default, from which no appeal was taken. After the lapse of the required time, she brought the present suit for absolute divorce and alimony, as stated above. There are no children of the marriage.
During the trial of the suit for final divorce, testimony was given by both parties as to the reasons they separated. Their separation took place three months after their marriage. While the district judge heard the testimony, he said he would pay no attention to what caused the separation resulting in the judgment granting the wife a separation from bed and board, since that case was res judicata of such issue. In this the district court was wrong in view of the prevailing jurisprudence viz: The jurisprudence under LSA-C.C. art. 2286 is that a separation judgment is not res judicata of the question of fault in a subsequent divorce proceeding, particularly where neither fault nor alimony was an issue in the separation suit. Barr v. Freeman, La.App., 175 So.2d 649, 653-654; Lloveras v. Reichert, 197 La. 49, 200 So. 817; Randle v. Gallagher, La.App., 169 So.2d 224; Smith v. Smith, La.App., 179 So.2d 433.
Had the trial judge not heard the evidence, the transcript of which is in the record, we would have to remand the case to give both parties a hearing. However, since the record contains the testimony of the parties as to their differences, and cause of their separation, there is no reason to remand the case.
The wife contends the husband abandoned the matrimonial domicile on Dumaine Street. The record shows that the wife, without the consent of her husband, insisted that they live on Dumaine Street which the husband refused, so the wife proceeded to rent quarters on Dumaine Street and have as her boarders some of her lady friends.
We are convinced from the testimony that the parties were incompatible. They started quarrelling three months after the marriage, and particularly over whether to live with the wife's parents or in a home selected by the husband. The testimony convinces us that they were guilty of comparative rectitude and were equally responsible for their inability to resume their marital life. However, because there has been no reconciliation between the spouses for a period of more than one year since the judgment of separation from bed and board became final, the wife is entitled to a judgment of divorce. LSA-R.S. 9:302.
As a wife is not entitled to alimony unless she proves her freedom from fault in causing the separation; and as the conclusion is self-evident that she was equally guilty of fault, she is not entitled to alimony.
Accordingly the judgment of the district court is reversed only with respect to the award of alimony, but otherwise affirmed with respect to the judgment of divorce; each party to pay his or her own cost of this appeal.
Judgment reversed in part and affirmed in part.
*204 CHASEZ, Judge (concurring in part and dissenting in part).
I concur in the result reached by the majority in this matter in refusing to grant alimony to the appellee, Suzanne Treasa Korson, because the record discloses that the appellee is not presently in necessitous circumstances and not for the reason that she is at fault and has no right to alimony. I likewise concur in the findings of the majority that the appellee is entitled to a divorce a vinculo matrimonii.
I dissent from the findings of the majority when they conclude that the appellee herein has no right to alimony under the law, based on the theory that she was not without fault.
The record herein discloses that Suzanne Treasa Korson, wife of Joseph Anthony Gamino, sued her husband for a separation of bed and board on the ground of abandonment on the 5th day of November, 1963, and that judgment in her favor granting said separation was rendered and signed by the District Judge on December 3, 1963, upon a confirmation of default granted to the appellee.
On June 22, 1965, appellee Suzanne Korson filed suit against her husband for a divorce, alleging that there had been no reconciliation between the parties since the date of the judgment of separation, and asked for a decree for alimony, based on necessitous circumstances.
The appellant, Joseph Gamino, filed an answer and reconventional demand to appellee's suit for a divorce wherein he admits the separation judgment was secured by his wife and there had been no reconciliation between the parties, but denied that the wife was entitled to alimony, claiming that he was not responsible for the separation, that his wife had abandoned him, and that she is not entitled to alimony either pendente lite or after the divorce decree; and finally, urged the Court to grant him a divorce against his wife on the grounds of having lived separate and apart for over two years.
The District Judge was of the opinion that the question of fault was not an issue before the Court as there had been a judgment of separation of bed and board rendered by the Court between these parties approximately a year and a half prior to the filing of the divorce suit herein, and said that he would pay no attention to any evidence adduced along these lines.
I am of the opinion that the majority herein is in error in reversing the Court a qua when it upheld the right of the wife to alimony under the law.
The Civil Code provides for the rendition of a separation judgment on the ground of abandonment and after such judgment is rendered it provides, if the parties have not become reconciled, that ultimately judgment of divorce shall be rendered.
The defendant-appellant herein was properly sued and cited and having failed to answer or otherwise plead to the separation suit, the District Court properly rendered its judgment of separation from bed and board. By the rendition of this judgment in favor of appellee, the Court necessarily had to find that the separation was caused by the fault of the defendant; as a result of that finding of fault the wife, plaintiff-appellee, is entitled to alimony. The fact that she did not claim it then is of no moment here. She had the right to claim it in this divorce proceeding against her husband and she did claim it; the only issue before the District Court in the divorce proceeding was her right to a divorce and her right to alimony. Since fault was charged to the defendant in the separation proceeding and since the judgment of divorce is based upon the fact that the parties did not become reconciled after the separation the rights that she acquired under that judgment of separation should be accorded her in the divorce proceedings.
*205 In the case of August v. Blache, 200 La. 1029, 9 So.2d 402 (1942) the Supreme Court of Louisiana, with Chief Justice O'Niell as the Organ of the Court, stated the following:
"We have given a history of these statutes in order to demonstrate that the provision in Article 160 of the Civil Code, that the wife must show that she `has not been at fault', in order to obtain alimony in a case where a judgment of divorce is rendered in favor of her husband on the ground that he and she have been living separate and apart `for a specified period of time', is not applicable to a case where the wife has obtained a separation from bed and board and where after the lapse of a year and sixty days the husband has obtained a final divorce, under the provisions of Act 25 of 1898, as amended by Act 56 of 1932. The act of 1898 and the act of 1932 are identical in their terms except that by the act of 1932 the period in which the party obtaining the judgment of separation from bed and board has the exclusive right to obtain the divorce was reduced from one year to sixty days. It is not possible that the Legislature intended that the act of 1898 should have reference to a divorce granted on the ground that the married couple had been living separate and apart for a specified period of time,as for seven years under Act 269 of 1916, or for four years under Act 31 of 1932, or for two years under Act 430 of 1938. It is not likely that any such ground for divorce was contemplated by the Legislature at the time when Act 25 of 1898 was adopted. There was an obvious reason why the Legislature should have provided in Act 25 of 1898, and in the amending Act 56 of 1932, `that whenever a judgment of final divorce shall be obtained under the provisions of this Act by the husband against whom the judgment of separation from bed and board shall have been rendered, the wife shall have the same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is plaintiff.' The reason was that the obtaining of the judgment of separation from bed and board by the wife carried the implication that the separation was not caused by her fault; and the granting of the final judgment of divorce, thereafter, in favor of the husband in such a case, does not depend upon any question or fault on the part of either the husband or wife, but is founded entirely upon the absolute right of either of the spouses to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute. In fact no other evidence is relevant in a suit for divorce brought by the party against whom a judgment of separation from bed and board has been rendered, and on the ground that no reconciliation has taken place. Tortorich v. Maestri, 146 La. 124, 83 So. 431; Stallings v. Stallings, 177 La. 488, 148 So. 687.
"Our conclusion is that the proviso in Article 160 of the Civil Code, that where the husband obtains a divorce on the ground that he and his wife have been living separate and apart for a specified period of time the wife must show that she has not been at fault in order that the court may allow her alimony, has nothing to do with a case like this, where the judgment of divorce is obtained by the husband on the ground that a judgment of separation from bed and board was obtained by the wife, and that more than a year and sixty days have elapsed since the judgment became final, and that no reconciliation has taken place between the husband and wife. * * *"

* * * * * *
The cases cited in the majority opinion are easily distinguishable and are not controlling under the circumstances that exist in this matter. The judgments rendered in those cases were based upon the mere passage of time and no urged basis of fault. Where the divorce granted, as here, is based on fault found in the separation proceeding and on the judgment rendered therein, it should not be held that a party should have *206 the right to re-litigate the issue for alimony purposes.
It should be remembered at all times in this matter that the judgment of the Court a qua was initially one of separation from bed and board on the ground of abandonment and that a sound judgment could not be rendered by the Court in favor of appellee and against the defendant unless the defendant was found at fault. Hence the District Judge was correct in stating that he refused to consider the evidence adduced by the appellant relating to that question. Moreover, this Court cannot ascribe different reasons for the judgment of separation granted by the District Court when that judgment was grounded on abandonment.
I therefore respectfully dissent from the findings of the majority in this matter when they hold that the wife is not entitled to alimony because she is guilty of fault. While I agree, as heretofore stated, that the wife is not entitled to alimony at this time, she will, in my opinion, be entitled to alimony should she become in necessitous circumstances and makes proper application to the Court for it.

ON REHEARING
Before REGAN, YARRUT, SAMUEL, CHASEZ, HALL and BARNETTE, JJ.
YARRUT, Judge.
A careful reconsideration of this matter convinces us that our former opinion and decree are correct and should be reinstated. LSA-C.C. Art. 160, as amended by Act No. 48, § 1 of 1964, provides that the wife, to be entitled to alimony, must be without fault. The amended article now provides, inter alia:

"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce * * *." (Emphasis added).
For the reasons assigned, our original opinion and decree are reinstated as the final judgment of this court.
Original decree reinstated and made the final judgment of this court.
CHASEZ, Judge (dissenting).
I respectfully dissent from the majority opinion as I am unable to agree with the interpretation placed on Article 160 of the Civil Code. That Article reads as follows:
"Art. 160. Wife's alimony after divorce.
When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries. (As amended Acts 1964, No. 48 § 1.)"
The majority opinion interprets the first two paragraphs of this Article to mean that even in the case where a separation was granted to the wife on the basis of a finding of fault charged to the husband and the wife obtains a divorce on the grounds that there has been no reconciliation for a period of one year or more, the question of fault may be relitigated for the purpose of *207 determining the award of permanent alimony. The statutory authority for the right of a spouse who obtained the separation to an absolute divorce is R.S. 9:302 (Act 56 of Section 1 of 1932, as amended by Acts of 1960, formerly Act No. 25 Section 1 of 1898):
"§ 302. Judgment of divorce after judgment of separation; alimony; custody and care of children.
When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board became final, the spouse who obtained this judgment may sue for and obtain a judgment of absolute divorce. If no such divorce action is instituted within a year and sixty days from the date the judgment of separation from bed and board became final, the other spouse may sue for and obtain a judgment of absolute divorce.

When a judgment of divorce is obtained by the husband against whom the judgment of separation from bed and board was rendered, the wife has the same rights to recover alimony as if she had obtained the divorce. (Emphasis supplied.)
The provisions of this section do not affect in any way the right of the spouse who obtained the judgment of separation from bed and board to retain the custody and care of the children, as provided by law. As amended Acts 1960, No. 31, § 1."
Special note is taken of the second paragraph of this Statute. This provision indicates that the wife's right to alimony was fixed by the separation decree being granted in her favor. This is what was stated by the Supreme Court in August v. Blache, 200 La. 1029, 9 So.2d 402:
"The judgment conforms with Act 25 of 1898, as amended by Act 56 of 1932, which declares that at the expiration of a year and sixty days from the date on which a judgment of separation from bed and board shall have become final, if the party in whose favor it was rendered has not availed himself or herself of the right to demand a final divorce, the other party may apply for and obtain the judgment of divorce. Inasmuch as the statute protects the wife in her right to recover alimony, and to retain the custody and care of the children in cases where there are children of the marriage, it is a matter of no importance whether the final divorce in such a case is declared to be in favor of the wife or in favor of the husband. Stallings v. Stallings, 177 La. 488, 148 So. 687."
There is also extant in our law the right to a divorce based on the mere passage of time without any regard to fault; R.S. 9:301:
"§ 301. Continuous separation for two years ground for divorce.
When the spouses have been living separate and apart continuously for a period of two years or more, either spouse may sue for and obtain a judgment of absolute divorce. As amended Acts 1960, No. 31, § 1."
This statute was previously enacted by Act 269 of 1916 (7 years); Act 31 of 1932 (4 years); and Act 430 of 1938 (different wording; same substance as now).
Now Civil Code Article 160, previous to the 1964 amendment, read:
"Art. 160. Wife's alimony after divorce.
Art. 160. If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband *208 has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income. This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage. (As Amended Acts 1916 No. 247; Acts 1928 No. 21; Acts 1934, 2nd Ex.Sess. No. 27.)"
This statute was aimed at what is now entitled R.S. 9:301 rather than R.S. 9:302 and this was specifically stated by the Supreme Court in August v. Blache, supra.
"We have given a history of these statutes in order to demonstrate that the provision in Article 160 of the Civil Code, that the wife must show that she `has not been at fault', in order to obtain alimony in a case where a judgment of divorce is rendered in favor of her husband on the ground that he and she have been living separate and apart `for a specified period of time', is not applicable to a case where the wife has obtained a separation from bed and board and where after the lapse of a year and sixty days the husband has obtained a final divorce, under the provisions of Act 25 of 1898, as amended by Act 56 of 1932. The act of 1898 and the act of 1932 are identical in their terms except that by the act of 1932 the period in which the party obtaining the judgment of separation from bed and board has the exclusive right to obtain the divorce was reduced from one year to sixty days. It is not possible that the Legislature intended that the act of 1898 should have reference to a divorce granted on the ground that the married couple had been living separate and apart for a specified period of time,as for seven years under Act 269 of 1916 or for four years under Act 31 of 1932, or for two years under Act 430 of 1938. It is not likely that any such ground for divorce was contemplated by the Legislature at the time when Act 25 of 1898 was adopted. There was an obvious reason why the Legislature should have provided in Act 25 of 1898, and in the amending Act 56 of 1932, `that whenever a judgment of final divorce shall be obtained under the provisions of this Act by the husband against whom the judgment of separation from bed and board shall have been rendered, the wife shall have the same rights for recovering alimony from the said husband as are now provided by law for cases in which the wife is plaintiff.' The reason was that the obtaining of the judgment of separation from bed and board by the wife carried the implication that the separation was not caused by her fault; and the granting of the final judgment of divorce, thereafter, in favor of the husband, in such a case, does not depend upon any question or fault on the part of either the husband or wife, but is founded entirely upon the absolute right of either of the spouses to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute. In fact no other evidence is relevant in a suit for divorce brought by the party against whom a judgment of separation from bed and board has been rendered, and on the ground that no reconciliation has taken place. Tortorich v. Maestri, 146 La. 124, 83 So. 431; Stallings v. Stallings, 177 La. 488, 148 So. 687.
"Our conclusion is that the proviso in Article 160 of the Civil Code, that where the husband obtains a divorce on the ground that he and his wife have been living separate and apart for a specified period of time the wife must show that she has not been at fault in order that the court may allow her alimony, has nothing to do with a case like this, where the judgment of divorce is obtained by the husband on the ground that a judgment of separation from bed and board was obtained by the wife, and that more than a year and sixty days have elapsed since the judgment became final, and that no *209 reconciliation has taken place between the husband and wife." (Emphasis supplied)
What the Blache case is saying is precisely this: The wife has to show that she was without fault in order to obtain alimony when her husband obtained the divorce under the provisions of R.S. 9:301, but she does not under the provisions of R.S. 9:302 when the husband was found to be at fault in the separation decree, even though the husband obtains the divorce! A divorce under R.S. 9:302 carries with it the finding of fault of the separation decree.
The wording of the 1964 version of Article 160 was merely intended to clarify the previous Article 160 so as to require the wife to show freedom from fault where she has obtained a divorce under R.S. 9:301, where the question of fault had never been at issue. This is what the Sachse v. Sachse case, 150 So.2d 772 (La.App.1963) had held, prior to this amendment, that she must so prove freedom from fault in a 9:301 case even though she obtained the divorce. The new wording of the Article was merely intended as a codification of Sachse. Admittedly, the Article in its present state was rather loosely drawn and thus susceptible of misinterpretation,but we think that this is the proper interpretation, is made abundantly clear by the following comments of the Louisiana Law Institute to the amendment:

"This amendment makes it clear, through the inclusion of the language `[w]hen the wife has not been at fault' in the preamble, that the wife who obtains the divorce is not entitled to alimony unless she has been without fault. When this code article was adopted in 1870, no divorce could be granted unless the plaintiff was free of fault. Then followed the statute providing that living separate for seven years (eventually shortened to two years) entitled either of the spouses to a divorce. A history of these statutes, and of the prior amendments to Article 160, is to be found in August v. Blache, 200 La. 1029, 1034-1036, 9 So.2d 402, 403, 404, (1942). In Sachse v. Sachse, 150 So.2d 772 (La. App.1st Cir. 1963), it was held that even when the wife obtains the divorce she must prove her freedom from fault to obtain alimony. See, to substantially the same effect, McKnight v. Irving, 228 La. 1088, 85 So.2d 1 (1956). However, there appears to be a contrary holding in Moreau v. Moreau, 142 So.2d 423, 424 (La.App.3d Cir. 1962), weakened to some extent by the fact that the intermediate appellate court found as a fact that the wife was free of fault. 142 So.2d at 426, 427. See, also the concurring opinion of McCaleb, J., in McKnight v. Irving, supra. So, unless the wife's freedom from fault was made applicable to all three subdivisions of the amended article, this amendment probably would have been construed as a legislative reversal of Sachse v. Sachse, supra. The Law Institute considered the holding of the latter to be the sounder public policy.

"Subdivision 2 of the amended article, in an abundance of caution, was broadened to include a divorce under R.S. 9:302, to avoid any contention that the latter's rule regarding alimony was impliedly repealed through this amendment." (Emphasis quoted from text)
In the face of the still subsisting R.S. 9:302 it should not be concluded that Article 160 as amended was intended to repeal a large part of our substantive law. The point is that in this case the wife is already shown to be free from fault by virtue of the separation judgment in her favor and the opening phrase of Article 160,when the wife is free from fault, has already been complied with, and there is nothing in the statute to compel her to relitigate the issue.
In all other respects, I adhere to the original dissenting Opinion filed herein.