DOMENGEAUX, Judge.
This litigation involves a suit for final divorce brought by plaintiff wife under the provisions of LSA-R.S. 9:302 on the grounds of having lived separate and apart from her husband, the defendant, for a period of one year following the rendition of a judgment of separation from bed and board in her favor.
Plaintiff originally filed a petition for separation from bed and board on the grounds of nonsupport and cruel treatment on May 15, 1968. She obtained a final default judgment in that matter on June 10, 1968, which was not appealed. On June 11, 1969 plaintiff filed her petition for final divorce, alleging that more than a year had elapsed since the rendition of the separation judgment. Defendant answered the divorce suit, alleging that the only cause for the separation was the abandonment of the matrimonial domicile by plaintiff, and challenged the validity of the judgment of separation from bed and board as being based on false grounds. The trial court was of the opinion that the judgment of separation having become final and failure of reconciliation for one year having been proved, plaintiff was entitled to a final divorce. From the judgment granting plaintiff the divorce defendant has perfected an appeal to this court. Plaintiff has answered the appeal asking for damages for frivolous appeal.
Defendant seeks to demonstrate to this court that the separation judgment of June 10, 1968 was invalid because it was based on nonexistent grounds. If he were to succeed in this endeavor it would follow that the final divorce judgment appealed from herein would also be invalid since there would be no separation judgment as required by LSA-R.S. 9:302, the statute *637 upon which plaintiff relies. Defendant contends that this court may look into the original separation judgment to reevaluate the issue of fault. In support of his contention he cites the case of Gamino v. Gamino, La.App., 199 So.2d 202, in which this court, in determining whether alimony would he allowed a wife upon the rendition of final divorce in her favor following a separation judgment, reconsidered the question of fault as originally alleged in the separation suit. That case is not apropos to defendant’s position. Two Civil Code articles were involved in the Gamino case, articles 139 and 160. The first of these refers to LSA-R.S. 9:302 and allows, in conjunction with that statute, a final divorce on the ground of an absence of reconciliation for a period of one year following a judgment of separation from bed and board in favor of the plaintiff. The second allows the court in its discretion to award alimony to a wife without fault and having insufficient means for her maintenance. In the instant suit the plaintiff has not prayed for alimony and we are therefore concerned only with Article 139 and R.S. 9:302. The Gamino case, although it did look into the separation judgment for purposes of article 160, was clear in holding that for purposes of LSA-R.S. 9:302 we could not re-examine the separation judgment but should accept it as giving the unreconciled plaintiff an absolute right to the final divorce. We quote from that case at page 203:
“ * * * because there has been no reconciliation between the spouses for a period of more than one year since the judgment of separation from bed and board became final, the wife is entitled to a judgment of divorce. LSA-R.S. 9:302.” [Emphasis supplied].
Thus the sole case cited by defendant is authority against his contentions, and we find no jurisprudence which would support them.
The plaintiff herein, having proved a valid judgment of separation from bed and board and no reconciliation for a period of one year thereafter, is entitled to a final divorce. Nevertheless we are not inclined to grant plaintiff’s demand for damages due to frivolous appeal. The right of appeal is highly favored under our law. Further, although defendant’s thrust may be deemed extreme, we can understand how a misinterpretation of the Gamino case, supra, could give rise to defendant’s application herein.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.