AUGUST A. NOBILE, Jr., Judge Pro Tem.
This is an appeal from that portion of a divorce judgment adjudging the wife “not to be without fault”, and refusing her alimony.
On September 29, 1970, the plaintiff-appellant, Mrs. Valerie Fitzpatrick, instituted suit against the defendant-appellee, Philip C. Fitzpatrick, Jr., asking for a separation from bed and board on the grounds of abandonment and alternatively on the *540 grounds of mental cruelty. Subsequently on October 22, 1970 there was filed into the record a waiver signed by Mr. Fitzpatrick waiving his rights under the Soldiers’ and Sailors’ Relief Act inasmuch as he was a serviceman, and a joint stipulation signed by both Mr. and Mrs. Fitzpatrick granting unto the latter custody of the two children of the marriage and providing for child support in the amount of $300.00 monthly. Mrs. Fitzpatrick’s suit contained no claim for alimony for herself in spite of the fact she was not employed and had no income of her own at the time, and there was no evidence of any agreement on this point entered into between the parties. There being no appearance or answer by the defendant-appellee, Mrs. Fitzpatrick secured a default judgment for a separation and which said judgment incorporated the aforesaid stipulation of custody and child support.
On December 8, 1971 Mrs. Fitzpatrick filed a petition for divorce based on the parties living apart for more than one year since the date of legal separation without reconciliation, and in addition thereto asked for increased child support payments and for the institution of alimony payments on her own behalf. Mrs. Fitzpatrick also sought entitlement to proceed in forma pauperis, which the lower court denied after hearing testimony. We concur in this denial as being within the sound discretion of the court, and the record shows that this discretion was not abused by said lower court. On April 21, 1972, the rule for alimony and increased child support was tried and the transcript of testimony shows the trial judge awarded alimony of $100 per month to the wife and kept child support at $300.00 per month.
On June 14, 1972, the date of trial, the defendant-appellee filed an additional and supplemental answer specifically denying his wife’s entitlement to alimony on the basis of fault. The lower Court allowed the supplemental answer over the objection of the plaintiff-appellant, and trial was held on all issues raised in both answers.
The trial judge rendered written reasons for judgment. He determined that there was no reconciliation between the parties, and concluded both on the facts and on the procedural basis, that there was no merit to the attack on the judgment of separation on the grounds of fraud. He therefore granted judgment in favor of the wife decreeing the divorce. The wife does not appeal from this portion of the judgment, and the husband has neither appealed nor answered the wife’s appeal, hence there is no issue in connection therewith raised before us. However the trial court determined that under the law he was required to consider the question of the wife’s fault in connection with the prayer for alimony and after considering the evidence held the wife “not to be ‘without fault’.”
Thus the question before this court is whether the lower court could consider the matter of fault in a divorce proceeding based on grounds of one year living apart without reconciliation after the granting of a judgment of separation in favor of the wife. The jurisprudence on such questions has produced varied and conflicting results amongst our appellate courts. In this court, we need only refer to the cases of Gamino v. Gamino, 199 So.2d 202 (La.App. 4th Cir. 1967) on the one hand, and the cases of Richardson v. Richardson, 275 So.2d 845 (La.App. 4th Cir. 1973) and Fulmer v. Fulmer, 288 So.2d 398 (La.App. 4th Cir. 1974). Writs were granted in the Fulmer case by the Supreme Court, and indeed this question has been answered and laid to rest in that court’s decision, Fulmer v. Fulmer, #54510 on the Docket of the Supreme Court of Louisiana, by judgment dated October 11, 1974, 301 So.2d 622.
In view of the exhaustive discussion of the prior jurisprudence and statutory law therein we see no necessity to discuss the matter, beginning with the case of August v. Blache, 200 La. 1029, 9 So.2d 402 (1942). The Fulmer court held, in affirming the *541 district court and this court, cited supra, that:
“ * * * * * jn these divorce proceedings grounded upon non-reconciliation following the judgment of separation, the wife is entitled to alimony without any further proof of fault than the judgment of separation by which her husband’s fault was judicially determined to be the cause of the separation, and that, under these circumstances, the husband is not entitled to relitigate this issue.”
Under the rationale of the Fulmer case it is error to permit re-litigation of the question of fault in the divorce proceedings herein, and the wife must be held to be without fault by virtue of the judgment of separation granted in her favor. Being without fault, she is entitled to receive alimony for her support if she is in need. Because of the state of the record, we are not able in this proceeding to set such an amount of alimony. The only evidence as to need is that set forth in the record of the hearing for alimony pendente lite. Although that evidence was received just a matter of several weeks before the hearing on the merits, nevertheless there are two factors which prevent us from awarding an amount of alimony herein. First, there is a difference in basis for alimony pendente lite and an award of permanent alimony after divorce. Secondly, in making the award pendente lite, the trial court permitted the alimony for the children to remain at the sum of $300.00, and granted the wife $100.00 monthly for her support, for a total of $400.00 per month. From the judge’s reasons for judgment, we are informed that the parties have amicably agreed upon the sum of $400.00 per month for child support alone. Under these circumstances we do not feel justified in making a determination of alimony from the evidence presented on the rule. Rather we will remand this matter to the district court for such further proceedings as the parties may pursue in resolving the question of the amount of alimony.
Accordingly, for the reasons above assigned, the judgment of the trial court is affirmed insofar as it decrees a divorce a vinculo matrimonii between the parties, awards custody of the children with visitation rights and fixes an amount for their support. The judgment is annulled insofar as it adjudges Valerie Anna Fontaine Fitzpatrick not to be ‘without fault’ and reversed in her favor, finding her to be without fault, entitling her to receive post-divorce alimony. The case is remanded to the trial court for it, upon proper application of appellant, to fix the amount of alimony to be awarded her. The husband is to pay all costs.
Affirmed in part, reversed in part, and remanded.