85 So.2d 1 (1956)
228 La. 1088
Mrs. Bernice McKNIGHT, Wife of George O. Irving,
v.
George O. IRVING.
No. 42155.
Supreme Court of Louisiana.
January 16, 1956.
Montgomery, Barnett, Brown & Sessions, New Orleans, for defendant-appellant.
Ogden & Woods, New Orleans, for plaintiff-appellee.
MOISE, Justice.
This is an appeal from that portion of a judgment which reserved plaintiff's right to claim alimony at a future date and reserved defendant's right to defend such claim if ever made.
For a better understanding of the issues involved, reference must be made to the pleadings of record.
(a) On May 25, 1951, plaintiff sought a separation from bed and board from her husband on the grounds of cruel treatment;
(b) On June 27, 1951, plaintiff filed a supplemental and amended petition, amplifying the acts of cruelty of her husband;
(c) On October 1, 1951, defendant filed his answer to plaintiff's petition and supplemental petition, averring acts of cruelty toward him on the part of his wife and asking for a dismissal of her suit;
(d) On June 2, 1953 (more than two years having elapsed since the parties lived together), plaintiff filed a supplemental and amended petition, praying for an absolute *2 divorce from defendant on the grounds of two years separation;
(e) On June 9, 1953, defendant filed his answer admitting the separation, and reconvened asking for a divorce in his favor for the same reasons given by plaintiff and further that plaintiff be barred from claiming alimony;
(f) On June 22, 1953, plaintiff filed a supplemental and amended petition, in which she reaffirmed the allegations of her petition of June 2, 1953 and prayed that defendant be condemned to pay her permanent alimony upon the rendition of the divorce decree;
(g) On September 13, 1954, plaintiff filed a motion to dismiss her claim for alimony, which motion and order were granted;
(h) The case went to trial, and on October 11, 1954 a judgment of absolute divorce between the parties was rendered by the Trial Judge.
On appeal, the defendant husband complains about the following portion of the judgment rendered:
"It is * * * decreed that the rights, if any, of plaintiff to claim alimony after divorce, and the rights of defendant, if any, to oppose any such demand, if it be ever made, and to set up any defense he may have thereto, are fully reserved to both parties, as the Court at this time has not passed on the question of fault in connection with the separation, since that is at this time a moot question."
Article 160 of the LSA-Civil Code reads:
"* * * that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income. * * *" (Italics ours.)
The codal article is clear. To show fault, there must be pending a claim for alimony. The plaintiff wife, who has been accorded the right to alimony by showing the fault was not of her making, dismissed her claim for alimony. See, Article 491 of the Code of Practice; Barbara, Inc., v. Billelo, 212 La. 937, 33 So.2d 689; Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457.
There being no justiciable issue in the instant case, to do what the defendant-appellant prays for would be the assuming of a position of authority by this Court which plainly we should not exercise.
Judgment affirmed at defendant's cost.
HAMITER, J., concurs in the decree.
McCALEB, Justice (concurring).
I think the short answer to the proposition advanced by appellant is that, since the wife obtained the divorce in this case, the question of her fault is not material as the clear provisions of Article 160 of the Civil Code accord her the absolute right to permanent alimony if she has not sufficient means for her maintenance. It is only when the husband has obtained a divorce upon the ground that the parties have been living separate and apart for two years that the question of the wife's fault may be made an issue in determining her right to alimony.
It may be that Article 160 of the Civil Code, as written, operates unfairly in cases where the divorce is granted solely on the ground of the parties living separate and apart for two years. That, however, is a matter which should be addressed to the Legislature for correction; the Court is obviously without authority to rewrite the Article.
I respectfully concur in the decree.