246 So.2d 400 (1971)
Ida Sue Brown RAYBORN, Plaintiff-Respondent,
v.
Davis RAYBORN, Jr., Defendant-Relator.
No. 8356.
Court of Appeal of Louisiana, First Circuit.
March 15, 1971.
Rehearing Denied April 19, 1971.
Writ Refused May 26, 1971.
*401 C. Alvin Tyler & Associates, Baton Rouge, for defendant-relator.
Anthony J. Graphia, of Hebert, Moss & Graphia, Baton Rouge, for plaintiff-respondent.
Before LOTTINGER, SARTAIN and TUCKER, JJ.
*402 SARTAIN, Judge.
We granted writs in this case to review three rulings of the trial judge, namely, the overruling of a dilatory exception to the use of summary proceedings, the interpretation and applicability of Rules 7 and 12 of the Rules of Family Court for the Parish of East Baton Rouge, and the decision that a previous judgment in favor of the wife in a suit for separation was determinative of the fault issue in a subsequent effort by her to obtain alimony under C.C. Article 160. We shall discuss these issues in the order mentioned but prior thereto it may be helpful to state the chronology of events leading up to the present controversy.
On February 21, 1967, the plaintiff (respondent in writ) instituted suit asking for a separation from bed and board on the grounds of cruelty. Defendant (relator in writ) answered by general denial. The matter was assigned for trial. Present were the parties and their respective counsel. Plaintiff and two witnesses testified as to the defendant's alleged cruelty. Defendant offered no rebuttal testimony and did not see fit to cross-examine. At the conclusion of the evidence it was stipulated that plaintiff be awarded the custody of the two minor children and $50.00 per week for their maintenance and support. Judgment was rendered on March 10 and signed on March 30, 1967, decreeing a separation of "a mensa et thoro" in favor of plaintiff and awarding her custody of the two children and support in accordance with the stipulation. On April 2, 1968, plaintiff filed suit for a divorce on the grounds of the lapse of one year from the date of the separation with no reconciliation. On the same date, defendant filed a general denial through his attorney, the matter was assigned for trial, heard and judgment rendered. The judgment was also signed on April 2, 1968, decreeing a divorce between the parties and continuing custody of the children with the plaintiff together with an award of $50.00 per week for their maintenance and support.
The instant matter was filed on September 23, 1970, wherein plaintiff alleges the above pertinent facts relative to the separation and divorce actions but further avers that at the time of each she was gainfully employed and needed no alimony. Her petition further alleges that her previous employment was first hampered by the consequences of an automobile accident in January, 1970, and that she was finally forced to discontinue work in August of 1970 because she was anemic and suffered from an ulcer. Accordingly, she claims to be without means for her support and with no income. Plaintiff also alleges absence of fault on her part. Her petition, summary in form and bearing the same title and number as the divorce action, asked that a rule issue directing defendant to show cause why he should not be condemned to pay to her alimony in the sum of $350.00 per month. A rule nisi was issued and made returnable on October 1, 1970. It was passed to and reassigned for October 8, 1970.
When the matter was called on October 8, 1970, counsel for both parties entered into a stipulation relative to the contents of a doctor's report which confirmed the fact that plaintiff was indeed suffering from an ulcer and at the time unable to work. Also introduced in evidence were all the pleadings relative to separation and divorce suits together with a transcript of the testimony taken at the trial for the separation. Defendant was then called as a witness, under cross-examination. However, before defendant was examined a discussion arose between counsel for each party and the court concerning the right of defendant to raise the issue of fault. Whereupon, the court on its own motion ordered the matter continued for one week, until October 15, 1970, and requested briefs on the subject of fault.
On October 14, 1970, defendant filed pleadings styled "Dilatory Exception to Use of Summary Procedure and Alternative Return to Rule with Reconventional Demand." When the matter was resumed *403 on October 15, 1970, the trial judge held that defendant had waived the right to offer any objection that may have heretofore existed as to use of summary proceedings and dismissed the exception. In this decision, we concur.
C.C.P. Article 2592 prescribes the matters which may be disposed of by the use of summary proceedings. Generally, a claim for alimony is incidental to a suit for separation or divorce and under such circumstances is sanctioned by section (1) of the article. However, once there has been a final adjudication of divorce and the judgment is silent as to alimony a subsequent effort to obtain alimony is not an incidental issue arising in the course of litigation. It is the principal cause of the litigation and when pursued in a summary manner is subject to the dilatory exception of unauthorized use of summary proceedings. C.C.P. Article 926(3); Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516 (1937).
Notwithstanding the vulnerability of a cause improperly invoking the use of a summary proceeding, the objection may be waived. We are of the opinion that defendant here has waived such an objection both in fact and in law.
Ordinarily, no answer is required to a petition, rule or motion originating a summary proceeding. Therefore C.C.P. Article 2593 specifically provides that any objection to its use shall be filed prior to the time assigned for trial. The rule herein was assigned for trial on October 8, 1970, and was called for hearing pursuant to the docket for that day. There was no mention of any exception until a dispute arose as to the issue of fault. Counsel for defendant, when asked if he was raising such an objection stated, "No, I want to get it over with; * * *" The written exception was not filed until October 14, 1970, the day prior to the resumption of the hearing.
Assuming, that defendant did not expressly waive any objection by the above statement, his exception filed on October 14, 1970, was too late. On October 8, 1970, when the matter was called, the parties entered into stipulations, offerings were made in evidence, and the first witness was sworn. Defendant contends that inasmuch as the witness did not testify trial had not begun. With this contention, we cannot agree. Not only was the objection made after trial had begun but the objection was made after the time assigned for the trial and thus any objection was legally waived. See Succession of Esteves 182 La. 604, 162 So. 194 (1935) and the cases cited in the Official Revision Comments (d) under C.C.P. Article 2593.
We now turn to the issues raised as to the application of Rules 7 and 12 of the Family Court as applied by the trial judge. Rule 7 provides that no case will be commenced after 6:00 P.M. When the instant matter was called it was noted that the time was 6:25 P.M. and counsel for defendant objected. The trial judge noted that the matter was originally set for October 1, 1970, and reassigned for October 8, 1970. He concluded that inasmuch as it was a claim for alimony and had already been passed for one week it would work an injustice on the plaintiff to lay it over until next rule day a week hence. The trial judge recited Rule 14 which allows him discretionary authority to alter the rules "in extreme cases." He concluded that under the circumstances he could alter the requirement of Rule 7 and proceed. Counsel for plaintiff argued that the reassignment of matter from October 1 to October 8, 1970, was at the request of the defendant and under the current practice of the court should have been one of the first matters heard on October 8, 1970. Due to an oversight it was placed 35th on the docket. Under these circumstances we do not consider that the decision of the trial judge to proceed was an abuse of discretion accorded to him under Rule 14.
*404 Rule 12 provides that all rules respecting the awarding, increases or decreases, of alimony and child support shall be accompanied by a sworn affidavit executed by the party filing the rule which affidavit shall set forth certain items relative to income, payroll deductions and itemized expenditures. The rule further provides that the defendant in rule shall at least twenty-four hours prior to the time fixed for hearing file in the record, with a copy to opposing counsel, a sworn itemized counter-affidavit, attesting to the latter's financial circumstances together with an estimate of the amount the party can pay. An appropriate form is incorporated in the rule. Sanctions imposed for non-compliance are as follows:
* * * * * *
"The citation to a defendant in rule respecting alimony or child support shall notify the party specifically of the necessity of filing this affidavit pursuant to this rule and further, that his failure timely to do so will subject him to such appropriate penalties as the Court may choose to impose.
A defendant, represented by counsel, who fails to file timely this counter affidavit shall be denied the right to testify or present any evidence in chief, nor shall he have the right to cross examine the opposing party on any matter contained in their affidavit."
* * * * * *
Plaintiff attached the required affidavit to her motion for the issuance of a rule nisi for alimony. Defendant whose answer was not filed until October 14, 1970, while stating that a counter-affidavit was attached, failed to do so. On October 15, 1970, when the matter was resumed, the trial judge ruled that under the authority of the last quoted section he would adhere to the rule and not permit defendant to testify or permit any evidence in chief nor cross-examine plaintiff as to the contents of her affidavit.
In his ruling on this point the trial judge stated that the subject rules were drafted by a committee of the East Baton Rouge Parish Bar Association after long and deliberate study in an effort to facilitate the orderly conduct of cases and particularly to alleviate the overburdened and congested docket of the court where as many as fifty rules are assigned on a given day.
As loathe as we are to interfere with the rules of any court and as cognizant as we are of the volume of cases presented to the court a qua, we have no alternative but to hold that the requirement of affidavits under and the sanctions imposed for failure to comply with Rule 12 are contrary to the procedural and substantive law of this state.
C.C.P. Article 193 is statutory authority for courts to establish rules for the orderly conduct of judicial matters which rules have the effect of law both upon the judge and the litigants. Sciortino v. Sciortino, 250 La. 727, 198 So.2d 905 (1967). However, where such rules contravene legislative enactments they must be stricken as null, void and unenforceable. Trahan v. Petroleum Casualty Co., 250 La. 949, 200 So.2d 6 (1967).
The requirement of Rule 12 has the effect of requiring a response to a summary proceeding which contravenes C.C.P. Article 2593. The information sought by the filing of the counter-affidavits may be effected by coupling the motion for a rule nisi with appropriate discovery devices such as interrogatories. C.C.P. Article 1491, et seq. However, that is not the situation envisioned by the rule in question.
Further, the sanctions imposed for failure to comply with Rule 12 by denying the defendant the right to cross-examine plaintiff on the contents contained in her affidavit or to present any evidence in chief not only deprives defendant of due process but renders it virtually impossible *405 to determine defendant's ability to pay. The defendant's ability to pay as a requisite of proof is just as essential to a proper resolution of the issue of alimony as is proof of plaintiff's needs. C.C. Article 160.
While the desirability of the affidavits of the type herein required is apparent as a timesaving device, the rule itself must be stricken and some other method devised to obtain the desired results without being subject to the objections we have noted.
We now turn to the matter of the trial judge's decision denying defendant the right to put on evidence as to plaintiff's fault which defendant contends led to the dissolution of the marriage. The trial judge relied upon and felt bound by the holding in August v. Blache, 200 La. 1029, 9 So.2d 402 (1942). Defendant contends that this was error and cites Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941) which held that a judgment of separation in favor of a wife did not constitute res judicata as to the issue of fault in a subsequent suit for a divorce brought by the husband where the wife sought alimony under C.C. Article 160. Plaintiff argues that August is the latest expression by our Supreme Court on the subject and must be viewed as overruling Lloveras. Counsel for plaintiff further urges that subsequent cases decided by our intermediate appellate courts adhering to Lloveras in lieu of August are likewise in error.
The facts in August may be briefly stated as follows: The wife previously obtained a judgment of separation on the grounds of cruel treatment. After a lapse of more than one year and sixty days the husband brought a suit for a divorce. In the husband's action the wife sought, inter alia, the continuation of alimony. Counsel for the husband placed considerable emphasis on the fact that it was now the husband who was obtaining a judgment of divorce and, therefore, the defendant-wife was not entitled to alimony under Article 160 because she was not the successful litigant. This prompted a detailed expression by the court in an opinion authored by Chief Justice O'Niell on the history of Article 160 as to the rights of a wife to alimony. In essence, the opinion explained the various hiatuses that resulted from legislative acts pertaining to grounds for a divorce. The court concluded that the proviso in Article 160 of the Civil Code that the wife must show that she "has not been at fault" is not applicable to a case where a wife has first obtained a judgment of separation from bed and board on the grounds of cruelty and the husband subsequently seeks a divorce on the grounds of living separate and apart for a specified period of time. The opinion contains the following language:
"* * * The reason was that the obtaining of the judgment of separation from bed and board by the wife carried the implication that the separation was not caused by her fault; and the granting of the final judgment of divorce, thereafter, in favor of the husband, in such a case, does not depend upon any question or fault on the part of either the husband or wife, but is founded entirely upon the absolute right of either of the spouses to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute." (Emphasis ours)
It is the above quoted language that prompted the Second Circuit to hold that a judgment of separation in favor of the wife "is a judicial determination that she is free from fault". Gallagher v. Gallagher, 174 So.2d 262, 265 (La.App. 1964). Cited as further support for this conclusion is our decision in Sachse v. Sachse, 150 So.2d 772 (La.App. 1963). The dissent in Gamino v. Gamino, 199 So.2d 202 (La.App.) also urges that the rationale of August is to the effect that a judgment of separation on the grounds of cruelty in favor of the wife and against the husband is sufficient proof of absence of fault on the part of the wife when she later seeks alimony under *406 C.C. Article 160. The dissent also opposed a review of the facts which formed the basis of the judgment in favor of the wife on the grounds of abandonment because the conclusion reached by the appellate court found mutual fault on the part of the wife who obtained the judgment of separation. The dissent in Gamino appears even stronger when the case of Randle v. Gallagher, 169 So.2d 224 (4th La.App., 1964) is noted because in Randle the procedural posture of the case precluded a discussion of the effect of a prior judgment of separation based on fault because said judgment had been rendered moot by a subsequent action of divorce while the separation suit was on appeal. Nonetheless, the court felt compelled to point out that under the doctrine of comparative rectitude a wife may obtain a judgment of separation and yet be guilty of fault. Such was not the case in Gamino because Mrs. Gamino obtained a judgment of separation on the grounds of abandonment and an essential element of proof imposed on her by Article 143 of the Civil Code is absence of fault.[1]
In the case of Davidson v. Jenkins, 216 So.2d 682 (La.App.1968), the Third Circuit held that a judgment of separation from bed and board in the wife's favor on the grounds of abandonment did not constitute res judicata as to the question of fault in a subsequent divorce proceeding and the wife nonetheless carried the burden of establishing that she was without fault in order to obtain alimony under C.C. Article 160.
In Sachse we quoted at length from August because counsel for Mrs. Sachse argued that fault was not an issue because she had instituted the suit for a divorce based upon having lived separate and apart from her husband for a period of two years. The prior separation suit between the parties in Sachse had also been rendered moot by a subsequent judgment of separation on the grounds of living separate and apart for one year. Accordingly, we held that the burden did rest with her to prove absence of fault. In Barr v. Freeman, 175 So.2d 649 decided by us in 1965, we held that a prior judgment of separation from bed and board adjudicates the issue of fault of the parties for the purposes of the separation suit only and did not constitute res judicata on the question of fault pertinent to a subsequent suit for permanent alimony under C.C. Article 160 and cited as authority Lloveras.
In the case at bar the wife obtained a judgment of separation on the grounds of cruelty and though the husband filed an answer in the nature of a general denial, he did not invoke the doctrine of comparative rectitude and consequently no element of fault on the part of the wife was presented to the trial court in that instance. It is for this reason that we feel compelled to adhere to our decision in Barr v. Freeman, supra, and hold that the trial judge erred in failing to permit the defendant herein to introduce evidence as to plaintiff's alleged fault.
We do not consider our decision in Barr and our decision here in conflict with the pronouncements in August. Chief Justice O'Niell was most articulate in the presentation of the facts and the law in the opinions authored by him. It is significant to us that his opinion stated "the judgment of separation from bed and board by the wife carried the implication that the separation was not caused by her fault" instead of stating that a judgment of separation from bed and board by the wife is res judicata *407 as to her absence of fault in a subsequent suit for alimony. Though Chief Justice O'Niell did not take part in the Lloveras case, August followed in less than a year.
In our opinion August stands for the proposition that a wife who has obtained a judgment of separation from bed and board on the grounds of cruelty may offer that judgment in proof of her absence of fault and then the burden shifts to the husband not to refute the charges against him in the separation suit but to bring forth facts which would show fault on the part of his wife just as he would have done if the doctrine of comparative rectitude had been previously invoked.
In the instant case, at the time of the separation fault was not an issue as to the wife's right to alimony under C.C. Article 148. Neither was fault an issue at the time of divorce because plaintiff was not in need of financial assistance and sought no help from defendant. As a matter of fact neither she nor the defendant could have put fault at issue in the divorce suit because of her lack of need. McKnight v. Irving, 228 La. 1088, 85 So.2d 1 (1956).
We wish to emphasize that our opinion here is limited to the situation where the wife has previously obtained a judgment of separation on the grounds of cruelty and where the husband has not put mutual fault at issue. We feel compelled to make this limitation because we do not desire, as urged by defendant, to endorse the decisions of our brethren of the Third and Fourth Circuits in the Davidson and Gamino cases respectively because in each the judgment of separation was obtained on the grounds of abandonment after personal service was made upon the defendant and the wife presented evidence in support of her absence of fault and was successful in obtaining a judgment in her favor. Whereas an exception of res judicata may not lie in a subsequent suit for a divorce because of the essential elements that must be present for res judicata to attach,[2] the doctrine of judicial estoppel may well be applicable. Our jurisprudence has recognized that judicial estoppel can be invoked where a material allegation or statement is made in a prior suit by one litigant, denied by the other litigant, and determined in the course of the prior proceeding. California Company v. Price, 234 La. 338, 99 So.2d 743 (1957) and cases therein cited.
In a separation suit grounded on cruel treatment the decision of a husband-defendant not to respond and put at issue mutual fault on the part of his wife-plaintiff can be based on valid and proper considerations. Often the accusations and counter-accusations in a domestic dispute worsens an already unfortunate situation. The decision of the husband not to appear is not repugnant to the law because the wife must still come forward with proof of his cruelty to be successful. However, in a suit for separation grounded on abandonment the decision not to put the wife's fault at issue is not left to the defendant. The law makes that decision for him because C.C. Article 143[3] provides that a judgment can be entered only in the case where the wife is free from fault, i. e., gave her husband no lawful cause to leave the common dwelling. This is an essential and indispensable element of proof. After requiring this proof, we deem it repugnant to the law to allow the husband to refute the previous judgment when the wife later seeks alimony and fault is again put at issue. The sanction of such a practice renders the abandonment article meaningless and judicially condones the misrepresentation of facts presented to the court in the abandonment proceedings.
Accordingly, for the above and foregoing reasons the writ previously issued herein relative to the decision of the trial judge overruling the exception of unauthorized use of summary proceeding and the application of Rule 7 is hereby recalled and vacated. *408 However, the said writ insofar as the same pertains to the trial judge's adherence to Rule 12 and his decision to deny defendant the opportunity to offer evidence as to the wife's fault is made peremptory and the trial court's rulings in the latter two instances are reversed and set aside and this matter is remanded for a hearing on the merits in accordance with the views herein expressed. The costs incurred by the granting of the instant writ is to be borne equally by the parties. All other costs are to await a final disposition of this matter on the merits.
Writ recalled in part, made peremptory in part, and remanded.
LOTTINGER, Judge (concurring).
I concur with the results reached by the majority herein but I respectfully disagree and differ as to the law and reasons given so as to reach the results herein.
Prior to 1964, LSA C.C. Art. 160, the article dealing with the "Wife's alimony after divorce" provided as follows:
"Art. 160. If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.
This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."
As the result of a mass confusion in the jurisprudence dealing with this article and particularly if and when it was necessary for a wife, who had obtained the divorce, to prove that she has been without fault, the Louisiana State Law Institute in 1964 sponsored and had adopted, by the Legislature of this State, an amendment to said article, which provides as follows:
"Art. 160. Wife's alimony after divorce
Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries. (As amended Acts 1964, No. 48, § 1.)" (Emphasis added)
I further call your attention to the "Comments of Louisiana State Law Institute" which immediately follows the amended article which can be found in West's LSA Civil Code Volume 1 Cumulative Annual Pocket Part.
There is no question in my mind that the Law Institute intended to clarify this proposition once and for all as to when a wife was entitled to alimony after a divorce. *409 Their comments under section (c) proves this point, which is as follows:
"(c) This amendment makes it clear, through the inclusion of the language `(w)hen the wife has not been at fault' in the preamble, that the wife who obtains the divorce is not entitled to alimony unless she has been without fault." * * * (Emphasis added)
Now the majority herein has cited many of the old cases dealing on the subject matter which some of the cases cited prompted the Institute to have Art. 160 amended in 1964. It is my opinion that the now amended Article 160 should have been cited as the basis for overruling the Lower Court's decision in denying defendant the right to put on evidence as to plaintiff's fault which defendant contends led to the dissolution of the marriage.
Now according to Art. 160 as hereinabove quoted, there is a preamble and then three subdivisions following. The first subdivision makes it clear, as pointed out in Section (c) in the comments, "that the wife who obtains the divorce is not entitled to alimony unless she has been without fault." Furthermore, there is no qualification or equivocation about the first section. It appears to me that if the wife has obtained a divorce, regardless of the grounds for same, and likewise wishes to obtain alimony under this article, she has the duty to prove that she has not been at fault and further that she has not sufficient means for her support.
Now, in the instant case, this is the first time that the question of alimony has been put at issue in all of the pleadings hereto filed by these parties. In the first judgment rendered March 30, 1967, the object of that suit was the asking for a separation from bed and board on the ground of cruelty and the custody of two minor children and for their maintenance and support. In the second judgment rendered on April 2, 1968, the object of that suit was the asking for a divorce on the ground of the lapse of one year from the date of the first judgment with no reconciliation and the continuing of the custody of the children with the plaintiff together with maintenance and support of said children. Since the objects of the first and second suit was not alimony but only separation and or divorce, those judgments cannot be said to be res judicata as to fault dealing with alimony because alimony was never at issue. The thing demanded in the first and second suit is not the same as is demanded now. See LSA C.C. 2286. See also Lloveras v. Reichert, 197 La. 49, 200 So. 817. Neither can there be judicial estoppel if alimony was never put at issue.
Under Codal Art. 160, "To show fault, there must be pending a claim for alimony." McKnight v. Irving, 228 La. 1088, 85 So.2d 1 (1956).
Another reason why the fault as used in an action for separation or divorce, when alimony is not at issue, can not be used as the fault in an action for alimony, or can not be said to be res judicata or judicial estoppel; it can be a decision of the husband-defendant not to respond and put at issue mutual fault on the part of his wife-plaintiff and can be based on a valid and proper consideration at that time, particularly since she had not raised the issue of alimony in the previous actions.
Therefore when alimony is at issue and the wife has obtained a divorce, it behooves the wife to prove that she "has not been at fault." It likewise behooves the husband to prove the contrary.
Therefore for the above reasons, I respectfully concur in the decree.
NOTES
[1] C.C. Article 143. Abandonment

Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board. (Emphasis ours)
[2] C.C. Article 2286.
[3] See Note 1, supra.