HALL, Chief Judge.
Robert William Boyd, Jr. appeals a judgment of the trial court in favor of his former wife accruing past due payments of her pro rata share of military retirement benefits received by him. We affirm the judgment of the trial court for the reasons set forth herein.
FACTS
Appellee, Wayne H. Boyd, was granted a judgment of divorce from appellant, Robert William Boyd, Jr., on May 21, 1981. On November 21, 1984, pursuant to her petition to partition community property, judgment was rendered granting Mrs. Boyd her pro rata share of Mr. Boyd’s military retirement from the United States Air Force, namely, 80.7%, representing her proportionate community interest from the date of separation. This judgment was read, signed, and filed on May 13, 1985. No appeal was taken and the judgment is final.
On September 3, 1985, Mrs. Boyd filed a rule to show cause why the sum of $13,-424.53, her portion of the military retirement benefits received by Mr. Boyd from August, 1980 to August, 1985, should not be decreed past due, why Mr. Boyd should not be held in contempt for failing to pay the judgment, and why Mr. Boyd should not be cast for costs and attorneys fees. The court minutes reflect that pursuant to a pre-trial conference the matter was submitted on memos to be filed. On December 13, 1985, the trial judge ruled in favor of Mrs. Boyd and against Mr. Boyd accruing past due payments of military retirement benefits in the sum of $13,424.53. The trial judge deferred ruling on the contempt portion of the rule, giving Mr. Boyd 60 days from the date of December 13, 1985 to become current in his arrearages or to answer to the court for his failure to do so. Judgment to that effect was read, signed, and filed on January 23, 1986 and defendant perfected a devolutive appeal the following day. The record does not contain a subsequent ruling by the trial court on the contempt charge.
APPELLANT’S CONTENTIONS
Mr. Boyd has appealed the judgment of the trial court contending that the use of summary proceedings to accrue installments due under a judgment in a partition suit is not covered by LSA-C.C.P. Art. 2592 which provides for the use of summary proceedings. Defendant further contends that he cannot be cited for contempt for failing to make his payments because there was no language in the judgment specifically requiring him to pay directly to Mrs. Boyd any of the military retirement benefits received by him and because her remedy is to enforce her judgment against the United States Air Force. Mr. Boyd admits that he has received retirement benefits but has made no payments to Mrs. Boyd. USE OF SUMMARY PROCEEDINGS
An exception to the unauthorized use of summary proceedings is dilatory and if not filed prior to trial is waived. LSA-C.C.P. Art. 2593; LSA-C.C.P. Art. 926(3). The rules governing ordinary proceedings are applicable to summary proceedings except as otherwise provided for by law. LSA-C. C.P. Art. 2596. A dilatory exception must be made in writing. LSA-C.C.P. Art. 924; LSA-C.C.P. Art. 852. The failure to file a written exception to the use of summary proceedings prior to trial constitutes a waiver of the right to object. Rayborn v. Rayborn, 246 So.2d 400 (La.App. 1st Cir. 1981), writ denied, 258 La. 775, 247 So.2d 868 (1971). See also Ponder v. Reian Produce Farms, Inc., 439 S.o.2d 498 (La.App. 1st Cir. 1983).
The record fails to establish that appellant filed a written exception to the unauthorized use of summary proceedings. Under such circumstances, he has waived his right to object.
CONTEMPT PROCEEDINGS
The trial judge delayed judgment on the contempt portion of the rule and the record does not reflect that any subsequent ruling has been made. Therefore, the contempt issue raised on appeal is premature and we *166 do not consider appellant’s argument that he cannot be held in contempt for failing to make payments under the judgment declaring Mrs. Boyd’s interest in appellant’s military retirement benefits. We presume that the trial court’s postponement of a ruling on the contempt contemplates a future hearing on that issue at which time the defendant will have the opportunity to present any factual and legal defenses he may have. In the event appellant is held in contempt he will have an adequate remedy by appeal or writ application.
DECREE
The judgment of the trial court in favor of plaintiff-appellee, Mrs. Boyd, accruing past due payments of military retirement benefits in the sum of $13,424.53 is affirmed.
AFFIRMED.