DREW, J.
hThis is an appeal from a judgment in eviction proceedings in favor of plaintiffs, Shane and Holly Garrett, and against defendant, Martha Johnson Cross. The trial court not only ordered Ms. Cross evicted, but also awarded $9,090.00 in rent arrears, plus court costs and attorney’s fees. On appeal, Ms. Cross asserts that the trial court erred by awarding a money judgment in eviction proceedings, and that the trial court erred by not determining whether Ms. Cross’ failure to pay rent was due to the Garretts’ failure to make repairs to the leased property. For the following reasons, we affirm the trial court’s judgment.
FACTS
In August 2005, the Garretts filed suit against Ms. Cross for eviction and for rent arrears. Two citations were issued, one of which was solely on the eviction rule. The citation on that rule was personally served on Ms. Cross on August 18, 2005, while the other citation was personally served on her on August 19, 2005. The former ordered Ms. Cross to appear in Minden City Court on August 29, 2005, to show cause why possession of the premises should not be delivered to the plaintiffs and why Ms. Cross should not be required to pay all court costs.
The record does not indicate that Ms. Cross filed any answer or reconventional demand to the plaintiffs’ petition. Instead, she appeared in proper person on August 29 as ordered. After she was sworn in, the trial court asked her if she understood why she was in court, and she responded in the affirmative. The trial court stated that the plaintiffs were trying to evict her from the premises, and after Ms. Cross indicated that she was still | ¡Jiving on the premises, the trial court asked her if she knew of any lawful reason why the plaintiffs could not evict her. She responded, “No, I don’t.” The trial court then asked her about the arrears, particularly whether she believed that the arrearage of $9,090.00 was incorrect. She responded, “No, I don’t.” Ms. Cross subsequently indicated that she would not like to be evicted and that she could pay “the back pay” the next day. However, counsel for the Garretts declined Ms. Cross’ offer and sought eviction. The trial court asked Ms. Cross if she was agreeable to be out of the leased premises by Friday of that week, and Ms. Cross responded that she would try. The following colloquy then took place:
JUDGE: Will you ... Ok. Well, then, I’m just going to let the record refíect that a consent judgment has been reached. I’m ordering the eviction of Mrs. Cross, ordering the judgment in the amount of Nine Thousand Ninety Dollars ($9,090.00) plus costs and I’m going to order that she be out of the premises this Friday, which is the ... I believe .... let me see .... the 2nd.
MRS. CROSS: Judge Campbell, could I just ask a question of ... ? When I had ... when Mrs. Garrett and Mr. Garrett ... at the time I didn’t know his wife. At the time they ... he took over the mortgage from ... for me ... it was ... went into his name and I was making my payment to him, but I was supposed to get the house back into my name within a years time. So I never did get it back and then I was under the impression that insurance was included in my house payment and so I explained to him that I needed ... the house was leaking and I needed a roofing on the house, plus the plumbing had ... the floors had buckled up and I ... he told me that that was for me to fix but I didn’t understand that I was supposed to fix the (inaudible). Since it was still *847 in his name and I was under the impression that the insurance was taking care of that ... so this is one reason why that was a problem too.
JUDGE: It’s one reason, probably, why you want to move out.
MRS. CROSS: Well, I didn’t really want to move out ... I was going to go on ahead and try to get it fixed later on myself.
|sJUDGE: Well, let’s just let that judgment stand as we’ve entered it today. We’ll grant that judgment of eviction, and of the past due rent and we’ll do it Friday at 2 PM.
MRS. CROSS: Well, if I could have the past due rent....
JUDGE: No, ma’am. You’ve been evicted ... you’re going to have to move out.
MRS. CROSS: Ok.
JUDGE: Ok ... by this Friday. And you still owe the rent that you never paid. Y’all are free to go.
The trial court proceedings concluded at this point.
DISCUSSION

Arrearage Award

The first issue Ms. Cross raises on appeal is whether the trial court erred as a matter of law by awarding “a money judgment in an eviction proceeding.” She asserts that the only determination properly before the court was whether she should be evicted, and that any disposition that determined an award of money was inappropriate for a summary proceeding. We find this argument to be without merit.
The unauthorized use of summary proceedings is a dilatory exception, and all objections that may be raised through the dilatory exception are waived unless pleaded therein. La. C.C.P. art. 926. See also Boyd v. Boyd, 499 So.2d 164 (La.App. 2d Cir.1986), in which a former husband, who objected on appeal to the use of summary proceedings to accrue installments due under a judgment in a partition suit, was held to have waived his right to object by failing to file a written exception to the unauthorized use of summary proceedings.
14As previously noted, two citations were issued in the instant case. As a result, the trial court may have simply addressed both the summary proceedings (eviction) and the ordinary proceedings (arrears) at the same hearing due to Ms. Cross’ willingness to admit the plaintiffs’ rights to eviction and to arrears. In any event, Ms. Cross failed to file any exception to the unauthorized use of summary proceedings, and she thus waived any objection thereto.

Claims for Repairs

Ms. Cross argues that while she did not dispute that the eviction was valid, she explained to the trial court that “she did not agree with the Garretts’ claim that she was in arrears $9,090.00.” She asserts that there was some dispute as to the terms of their agreement. Ms. Cross also states that she explained to the court that the premises were plagued by a leaking roof, poor plumbing, and floors that were buckling, but was informed by the Gar-retts that the repairs were her responsibility. Ms. Cross further argues that in Louisiana the lessor has the obligation to maintain the leased premises in a condition fit for its intended use and to make necessary repairs, and that if the lessor fails to fulfill this obligation, the lessee may either sue for dissolution of the lease agreement and resulting damages, or make indispensable repairs and deduct the reasonable cost from the rent due. Accordingly, Ms. Cross contends that if this court determines that eviction was proper, any award of arrears must be amended to reflect the cost of repairs or diminution in value of *848 the property because of the Garretts’ failure to make repairs “despite repeated requests by Ms. Cross.”
|sMs. Cross’ previously-quoted testimony falls short, at best, of showing that she did not agree with the amount of arrears due. To the contrary, when the trial court stated the alleged amount of $9,090.00 and asked if Ms. Cross believed that number to be incorrect, she responded in the negative. She later stated that she had not understood that she was supposed to make certain repairs and that she was under the impression that the insurance would take care of it, but these statements seem better understood as a reason why there had been a problem with her not paying the rent, not as an objection to the amount of arrears. Under the circumstances, the trial court did not err by failing to make further inquiry. Furthermore, her subsequent testimony revealed that she had made no repairs to the premises, but “was going to go on ahead and try to get it fixed later on myself.” Accordingly, while La. C.C. art. 2694 allows a lessee to either demand reimbursement for the amounts expended for repairs, or apply that amount to payment of rent when the lessor fails to timely perform his repair obligation, Ms. Cross had no claim for reimbursement because she made no repairs. Nor is this a case in which Ms. Cross ever, attempted to dissolve the lease agreement, as she undis-putedly lived on the premises without paying rent from February 2004 through August 2005. Finally, we observe that Ms. Cross never filed an answer, never set forth any affirmative defenses, and never made any reconventional demands.
In summary, this is a case in which the defendant agreed that eviction was proper and indicated that she did not find incorrect the arrears of $9,090.00. Moreover, any misunderstanding on her part concerning repair | (¡obligations notwithstanding, she made no repairs, filed no answer or reconventional demand, and never stated to the trial court at the hearing that she wished to claim any kind of offset against the amount of arrears for past due rent. Thus, we conclude that the trial court did not err in its ruling..
CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby AFFIRMED at appellant’s costs.
CARAWAY, J., concurs in part and dissents in part with written reasons.